**TRIMBOLI & PRUSINOWSKI, LLC**
James T. Prusinowski, Esq. (JTP 0729)
jprusinowski@trimprulaw.com
268 South Street
Morristown, NJ 07960
Tel: 973-660-1095
*Attorneys for Plaintiff, Irvington Superior Officers Association*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRVINGTON SUPERIOR OFFICERS ASSOCIATION, on behalf of themselves and all other individuals similarly situated, | Case No. 2:21-cv-2760 |
| Plaintiffs, | **Civil Action** |
| v. | |
| TOWNSHIP OF IRVINGTON, | **COMPLAINT** |
| Defendants. | |

Plaintiff Irvington Superior Officers Association by way of Complaint says:

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and a collective and class action under the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-4.1, et seq. ("NJWHL"). Both actions are against the Township of Irvington.

1

## PARTIES

2. The Irvington Superior Officers Association ("SOA") is a collective negotiations association that represents all full-time regularly employed police officers holding the rank of Sergeant, Lieutenant, Captain, and Deputy Chief in the Township of Irvington ("Township").

3. The SOA has entered into a series of collective negotiations agreements with the Township since at least 1999. The members of the SOA are "covered employees" of the Township within the meaning of the FLSA.

4. The Township is a public entity in the State of New Jersey with a principal place of business located at 1 Civic Square, Irvington, New Jersey 07111.

5. The Township is an "employer" as defined under the FLSA, 29 U.S.C. § 203(d).

6. The Township oversees the Irvington Police Department where Plaintiffs are employed.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. This Court has jurisdiction over the SOA's NJWHL claims pursuant to 28 U.S.C. § 1367.

8. Venue is properly laid in the District of New Jersey as all parties hereto are located in New Jersey.

## **FACTS COMMON TO ALL COUNTS**

9. The Township employs approximately 30 officers who are members of the SOA. The Township also employs non-supervisory officers and employees in the Irvington Police Department who are members of the New Jersey State Policemen's Benevolent Association, Local 29 ("PBA").

10. The Irvington Police Department operates 24-hours per day, 7-days per week.

11. Approximately half of the SOA members regularly and routinely work during the day, and approximately half of the SOA members regularly and routinely work during the night.

12. Those members who work during the night do not start work prior to 5:00 p.m.

13. Under the parties' current collective negotiations agreement, overtime is governed by the parties' existing practices, and the existing practice has been that SOA members are eligible for overtime for any work performed outside of their regular shift.

14. Thus, SOA members who work during the night would be eligible for overtime for any work performed during the day.

15. On December 7, 2020, Tracy Bowers, Director of the Irvington Police Department issued a directive, titled "MANDATORY COVID TESTING," ("December 7th Order"). See **Exhibit A**.

16. The December 7th Order requires that all Irvington police personnel, sworn and civilian, must take a COVID-19 test every two weeks.

17. The December 7th Order also indicates that the Township has made arrangements for testing, including locations, days, and times when the testing is available.

18. According to the December 7th Order, the testing is available only during daytime hours, between 9:00 a.m. and 5:00 p.m.

19. The December 7th Order is silent on how employees who do not work the day shift should be paid for getting the mandated testing while off-duty.

20. No accommodation was made for employees who work the night shift, even though SOA members suggested that those who administer COVID-19 tests be available earlier than 9:00 a.m. or after 5:00 p.m., and also suggested that night shift employees be allowed to go to a 24-hour testing site during their work hours.

21. By way of example, on December 16, 2020, SOA member Captain Elijah James, and PBA member Patrol Sergeant Shynell McCall, who each work during the night and do not start shifts prior to 5:00 p.m. on any given day, put in for

overtime in connection with the time they spent getting their mandatory COVID-19 test.  See Exhibits, B and D.

22. Neither Captain James, nor Patrol Sergeant McCall could have obtained a COVID-19 test during their regular work shift.

23. The commanding officer, identified as Badge/ID# 330, denied both overtime requests.  See, Exhibits B and D.

24. On the same day that the overtime requests were denied – and likely because of those overtime requests – Sgt. Rodriguez on behalf of Deputy Chief Stewart Townsend issued Memo 2020-56, titled "Covid-19 Testing / Off Duty," ("December 16th Order").  See **Exhibit C**.

25. The December 16th Order articulates Director Bowers' order that, effective immediately, "[n]o employee shall be permitted to submit an overtime report for obtaining a Covid-19 Test which [sic] was conducted while off duty."

26. The overtime denial and the memorialized policy is the Township's and Police Department's willful and intentional refusal to compensate its officers for work it mandates be performed outside of the officers' regularly scheduled shift.

27. The Township mandates that COVID-19 tests be obtained, and mandates that they be obtained prior to 5:00 p.m.

28. Therefore, those officers who do not start work prior to 5:00 p.m. are required to attend a Police Department mandated activity (obtaining a COVID-19 test) without compensation.

29. This mandate applies to all members of the SOA and all other similarly situated employees of the Irvington Police Department.

30. The Township's mandate that employees must obtain COVID-19 tests without receiving compensation for their time is a clear violation of the FLSA

## FLSA and NJWHL COLLECTIVE ACTION ALLEGATIONS

31. The SOA, as named Plaintiff, brings this case as a collective action consisting of:

> All full-time regularly employed police officers below the rank of Chief, and all civilian employees of the Irvington Police Department, which necessarily includes "all police personnel, sworn and civilian" to which the December 7th Order (at Exhibit A) was directed.

32. The Township is liable under the FLSA and the NJWHL for refusing to compensate for overtime when the SOA members and similarly situated employees are required to obtain COVID-19 tests while off duty.

33. The SOA's claim for overtime compensation in this matter is similar to the claim of other similarly situated employees, such as PBA member Patrol Sergeant Shynell McCall, mentioned above.

34. Further, the SOA's claim depends on similar factual and legal questions including, but not limited to, whether the Township refused and continues to refuse to pay the SOA and similarly situated employees overtime wages; and whether the Township's violation of the FLSA and NJWHL is willful.

35. There are many similarly situated employees who have not received overtime and were thus injured in violation of the FLSA and NJWHL, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it.

36. Those similarly situated employees are known to the Township, are readily identifiable, and can be located through the Township's records.

37. Notice should be sent to these similarly situated employees pursuant to 29 U.S.C. § 216(b) of the FLSA, and N.J.S.A. § 34:11-4.10(c) of the NJWHL.

## NJWHL CLASS ACTION ALLEGATIONS

38. The SOA, as named Plaintiff, also brings this case as a NJWHL class action consisting of:

> All full-time regularly employed police officers below the rank of Chief, and all civilian employees of the Irvington Police Department, which necessarily includes "all police personnel, sworn and civilian" to which the December 7th Order (at Exhibit A) was directed.

39. A class action is appropriate for the NJWHL claims because there are questions of law or fact common to the class, and they predominate over any questions affecting only individual members.

40. The claims of the SOA are typical of the claims of the class.

41. The SOA will fairly and adequately protect the interests of the class.

42. The class is so numerous that joinder of all members is impracticable.

43. Prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. A class action will best serve the interest of judicial economy.

46. The NJWHL specifically contemplates a class action of this type as an efficient and appropriate means of resolution of such individual claims as would be asserted by each putative class member.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, et seq.

47. Plaintiff SOA repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein.

48. At all times relevant to this Complaint, Defendant Township has been an "employer" as defined under 29 U.S.C. § 203(d).

49. At all relevant times, Defendant employed SOA members and similarly situated employees within the meaning of the FLSA.

50. At all relevant times, SOA members were not exempt from the overtime requirements of the FLSA.

51. The time during which SOA members and similarly situated employees are mandated to obtain a COVID-19 test is time for which they should be compensated pursuant to the FLSA.

52. Specifically, the time spent by employees obtaining the COVID-19 test is not voluntary.

53. For employees who do not work during the day when COVID-19 tests are administered, the time spent obtaining the COVID-19 test is outside their normal work hours.

54. Also, a COVID-19 test for SOA members and similarly situated employees is job related.

55. In sum, the Township is operating a plan, policy, and procedure under which it willfully and recklessly has neglected, and continues to neglect, compensating SOA members and similarly situated employees for time in which they are required to obtain COVID-19 tests.

56. The SOA and similarly situated employees seek damages in the amount of unpaid overtime wages, liquidated damages as provided for under the FLSA, attorneys fees, and costs.

## COUNT TWO
## VIOLATION OF THE NJWHL, N.J.S.A. § 31:11-4.1, et seq.

57. Plaintiff SOA repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein.

58. At all times relevant to this Complaint, Defendant Township has been an "employer" as defined under the NJWHL, N.J.S.A. § 31:11-4.1 and N.J.A.C. § 12:56-2.1.

59. At all relevant times, Defendant "employed" SOA members and similarly situated employees within the meaning of the NJWHL, N.J.S.A. § 31:11-4.1 and N.J.A.C. § 12:56-2.1.

60. At all relevant times, SOA members were not exempt from the overtime requirements of the NJWHL.

61. The time during which SOA members and similarly situated employees are mandated to obtain a COVID-19 test is time for which they should be compensated pursuant to the NJWHL.

62. Specifically, the time spent by employees obtaining the COVID-19 test is not voluntary.

63. For employees who do not work during the day when COVID-19 tests are administered, the time spent obtaining the COVID-19 test is outside their normal work hours.

64. Also, a COVID-19 test for SOA members and similarly situated employees is job related.

65. In sum, the Township is operating a plan, policy, and procedure under which it willfully and recklessly has neglected, and continues to neglect, compensating SOA members and similarly situated employees for time in which they are required to obtain COVID-19 tests.

> The SOA and similarly situated employees seek damages in the amount of unpaid overtime wages, liquidated damages as provided for under the NJWHL, attorneys fees, and costs.

## PRAYER FOR RELIEF

66. Plaintiff SOA and all other similarly situated persons, pursuant to the collective action under the FLSA and the NJWHL, pray for the following relief:

a. At the earliest possible time, they be allowed to give notice or the Court issue such Notice, to all of the Township's employees informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they were required to obtain COVID-19 tests without being compensated, pursuant to the FLSA and the NJWHL in order for a collective action to be established with the similarly situated employees represented by the SOA.

b. That the SOA and each such claimant in the collective action be awarded damages in the amount of their respective unpaid compensation and benefits, plus liquidated damages including additional liquidated damages for unreasonably delayed payment of wages, pursuant to 26 U.S.C. § 216(b) and N.J.S.A. § 34:11-4.10, any lost wages because of any retaliatory action taken in violation of N.J.S.A. § 34:11-4.10, and/or prejudgment interest;

c. That, pursuant to 26 U.S.C. § 216(b) and N.J.S.A. § 34:11-4.10, the SOA and all such claimants in the collective action be awarded reasonable attorneys' fees, and the cost and expenses of this action; and

d. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

67. Plaintiff SOA and all other similarly situated persons, pursuant to the class action under the NJWHL, further pray for the following relief:

    a. An order certifying the class for money damages under Rule 4:32-1(b)(3);

    b. That the SOA and each such claimant in the class action be awarded damages in the amount of their respective unpaid compensation and benefits, plus liquidated damages including additional liquidated damages for unreasonably delayed payment of wages, pursuant to N.J.S.A. § 34:11-4.10, any lost wages because of any retaliatory action taken in violation of N.J.S.A. § 34:11-4.10, and/or prejudgment interest;

    c. That, pursuant to N.J.S.A. § 34:11-4.10, the SOA and all such claimants in the class action be awarded reasonable attorneys' fees, and the cost and expenses of this action; and

    d. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

                                                **Trimboli & Prusinowski, LLC**
                                                *Attorneys for Plaintiff Irvington*
                                                *Superior Officers Association*

                                        s/ *James Prusinowski*
                                        James T. Prusinowski, Esq. (JTP0729)

## JURY DEMAND

Plaintiff hereby demands a trial by Jury on all issues raised herein.

**Trimboli & Prusinowski, LLC**
*Attorneys for Plaintiff Irvington Superior Officers Association*

s/ *James Prusinowski*
James T. Prusinowski, Esq. (JTP0729)

## DESIGNATION OF TRIAL COUNSEL

Please take notice that James T. Prusinowski, Esq., is hereby designated as trial counsel for the collective Plaintiffs.

**Trimboli & Prusinowski, LLC**
*Attorneys for Plaintiff Irvington Superior Officers Association*

s/ *James Prusinowski*
James T. Prusinowski, Esq. (JTP0729)

## CERTIFICATION UNDER L. Civ. R. 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**Trimboli & Prusinowski, LLC**
*Attorneys for Plaintiff Irvington Superior Officers Association*

s/ *James Prusinowski*
James T. Prusinowski, Esq. (JTP0729)

Dated:  February 17, 2021